IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

DANIEL BELL,

              Plaintiff,

    v.

STATE OF OREGON; OREGON STATE
CORRECTIONS; and OREGON DEPARTMENT
OF CORRECTIONS,

              Defendants.

Case No.: 2:25-cv-00566-JR

ORDER

**Adrienne Nelson, District Judge:**

On April 8, 2025, plaintiff initiated this action by filing a complaint, an application for leave to proceed without paying fees (i.e., in forma pauperis or "IFP"), and supporting documents. *See* ECFs 1, 2, 3, 4. On June 2, 2025, United States Magistrate Judge Jolie A. Russo (1) granted plaintiff's IFP application, Order of June 2, 2025, ECF 44 ("IFP Order"); and (2) ordered plaintiff to file an amended complaint curing certain deficiencies, Order of June 2, 2025, ECF 45 ("Order to Amend"). Plaintiff filed an objection to both orders. Pl. Obj. to IFP Order, ECF 46; Pl. Obj. to Order to Amend, ECF 47. Plaintiff's objections are now before this Court pursuant to 28 U.S.C. § 636(b)(1)(A) and Federal Rule of Civil Procedure 72(b). *See* Order of October 1, 2025, ECF 48. For the reasons that follow, the Court OVERRULES plaintiff's objections.

## LEGAL STANDARD

Parties have fourteen days to serve and file objections to a magistrate judge's order on a non-dispositive matter. Fed. R. Civ. P. 72(a). "When a magistrate judge rules on a non-dispositive matter, a district judge may 'reconsider' that ruling only if it is 'clearly erroneous or contrary to law.'" *CPC Pat. Techs. Pty Ltd. v. Apple, Inc.*, 34 F.4th 801, 804 (9th Cir. 2022) (quoting 28 U.S.C. § 636(b)(1)(A)). "'An order is contrary to the law when it fails to apply or misapplies relevant statutes, case law, or rules of procedure.'" *adidas Am., Inc. v. Fashion Nova, Inc.*, 341 F.R.D. 263, 265 (D. Or. 2022) (quoting *Bisig v.*

*Time Warner Cable, Inc.*, 940 F.3d 205, 219 (6th Cir. 2019)).

The clearly erroneous standard "reflects the broad discretion accorded to magistrate judges on pretrial matters." *Thunderbird Hotels, LLC v. City of Portland*, 670 F. Supp. 2d 1164, 1167 (D. Or. 2009) (citing *Osband v. Woodford*, 290 F.3d 1036, 1041 (9th Cir. 2002), *aff'd*, 404 F. App'x 249 (9th Cir. 2010). "[R]eview under the clearly erroneous standard is significantly deferential, requiring a definite and firm conviction that a mistake has been committed." *Sec. Farms v. International Brotherhood of Teamsters*, 124 F.3d 999, 1014 (9th Cir. 1997) (quotes and citation omitted). Indeed, "[t]he reviewing court may not simply substitute its judgment for that of the deciding court." *Grimes v. City & County of San Francisco*, 951 F.2d 236, 241 (9th Cir. 1991); *see also Anderson v. City of Bessemer City*, 470 U.S. 567, 573 (1985) (stating that the clearly erroneous standard "does not entitle a reviewing court to reverse the finding . . . simply because it is convinced that it would have decided the case differently"). In a nutshell: "A party seeking review of a magistrate judge's non-dispositive ruling faces a daunting standard of review." *PlayUp, Inc. v. Mintas*, 635 F. Supp. 3d 1087, 1096 (D. Nev. Oct. 18, 2022).

## DISCUSSION

Plaintiff lodges one objection each to the IFP Order and the Order to Amend. Both objections fail. The Court addresses each in turn.

**A.      IFP Order**

In response to the IFP Order, plaintiff objects to being called an "adult in custody," or "AIC." Pl. Obj. to IFP Order 1. Plaintiff states:

> The basis for plaintiff's objection is as follows: I was <u>NOT</u> given a preliminary hearing and was not made aware of its importance after arrest. Therefore there was no warrant for probable cause in [the underlying criminal case] making the judgment void. Which also means [Coffee Creek Correctional Facility] did not receive a judgment of conviction from the defendant Lane County Sherriff's office which makes my confinement against Defendant ODOC policy regarding judgment of conviction. To further this I filed a notice of PLRA which means any thing regarding "AIC" does not apply to me I am not a "AIC" I am a United States citizen. The Plaintiff objects to a title that furthers the complaint.

*Id.* (cleaned up). The Court understands plaintiff's request to not be labeled with a term that he believes is improperly applied to him. For the reasons that follow, and though the Court is cognizant of plaintiff's

perspective, plaintiff's objection to the IFP Order must be overruled.

First, the use of the term "AIC" does not alter the outcome of the ruling on the IFP application—indeed, a ruling that is in plaintiff's favor.  To the extent that plaintiff objects to the collection of an inmate filing fee based on the fact that plaintiff is currently incarcerated, the objection fails.  A plaintiff who is "incarcerated or detained in any facility [and] accused of, convicted of, sentenced for, or adjudicated delinquent for, violations of criminal law" meets the statutory definition of "prisoner" and is, therefore, subject to collection of filing fees.  28 U.S.C. § 1915(b), (h).  Plaintiff does not dispute that he is detained in Snake River Correctional Institution and has been, at least, accused of a crime.  *See* Compl.  For these reasons, plaintiff's objection to the IFP Order is overruled.  Plaintiff's application to proceed IFP, ECF 12, is granted as set forth in the IFP Order.

**B.      Order to Amend**

Plaintiff objects to the Order to Amend as follows:

> I have [already] STATED the offenses of all Defendants . . . I am going to stay inside the scope of my claims and point out that[] the defendants STATE OF OREGON et al has failed to uphold its adopted policy by denying me my religious sack lunch on 4/23/25 the[re] is nothing else to be said the State of Oregon and its agencies need to be held accountable: To further my basis I [am] not an "AIC" so therefore the rules for "AICs" do not apply to me.

Pl. Obj. to Order to Am. 1 (cleaned up).  Plaintiff's objection does not address the substance of the Order to Amend—namely that the State of Oregon is immune from suit and plaintiff's complaint fails to allege facts necessary to make a First Amendment claim.  Therefore, plaintiff's objection is overruled.  If plaintiff fails to amend the complaint as directed in the Order to Amend, his lawsuit will be subject to dismissal.

//

//

//

//

//

//

**CONCLUSION**

For the foregoing reasons, the Court OVERRULES plaintiff's objections to the IFP Order, ECF 44, and the Order to Amend, ECF 45. Accordingly, plaintiff's application to proceed IFP, ECF 12, is GRANTED as set forth in the IFP Order, and plaintiff is ORDERED to file an amended complaint as directed in the Order to Amend if he wishes to proceed with this action. If plaintiff chooses to file an amended complaint, he must do so within thirty (30) days of the date of this Order.

IT IS SO ORDERED.

DATED this 22nd day of April, 2026.

_____
Adrienne Nelson
United States District Judge